# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>*(Changes Identified with Asterisks (*))* |
| v. | CASE NUMBER: 04-cr-00013-WYD |
| KENNETH BOYD FIFE<br>a/k/a James Buchanan<br>a/k/a Trey Buchanan | Richard J. Banta<br>(Defendant's Attorney) |

**Date of Original Judgment:** March 14, 2005

**Reason for Amendment:** Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b)).

**THE DEFENDANT:** Pleaded guilty to counts one, two, three, four and five of the Indictment and count one of the Information.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) | Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine | 12/19/03 | One |

    The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

|   |
|---|
| June 1, 2005 |
| Date of Imposition of Judgment |
| |
| s/ Wiley Y. Daniel |
| Signature of Judicial Officer |
| |
| Wiley Y. Daniel, U.S. District Judge |
| Name & Title of Judicial Officer |
| |
| February 14, 2006 |
| Date |

DEFENDANT: KENNETH BOYD FIFE
CASE NUMBER: 04-cr-00013-WYD                                           Judgment-Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and 856(a)(1) and (b) | Conspiracy to Manufacture and Possess with Intent to Distribute 50 or More Marijuana Plants, and Maintaining a Residence for Purposes of Unlawful Manufacture and Possession with Intent to Distribute Marijuana | 12/02/03 | Two |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a Firearm in Furtherance of Drug Trafficking Felony | 12/02/03 | Three |
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 | Possession with Intent to Distribute Cocaine and Aiding and Abetting | 12/02/03 | Four |
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 | Possession with Intent to Distribute MDMA ("Ecstasy") and Aiding and Abetting | 12/02/03 | Five |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | 10/11/03 | One of the Information |

DEFENDANT: KENNETH BOYD FIFE
CASE NUMBER: 04-cr-00013-WYD                                    Judgment-Page 3 of 8

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 48 months.

      The court recommends that the Bureau of Prisons designate the defendant to a facility in Texas. The court further recommends that the defendant be considered for participation in the Residential Drug Abuse Program.

      The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

 

 

 

      Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                         UNITED STATES MARSHAL

                                                            By_____

DEFENDANT:  KENNETH BOYD FIFE
CASE NUMBER:  04-cr-00013-WYD                                            Judgment-Page 4 of 8

                                                                   Deputy United States Marshal

DEFENDANT:  KENNETH BOYD FIFE
CASE NUMBER:  04-cr-00013-WYD                                            Judgment-Page 4 of 8

DEFENDANT:  KENNETH BOYD FIFE
CASE NUMBER:  04-cr-00013-WYD                                                  Judgment-Page 5 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years on counts one, two, four and five of the Indictment, and count one of the Information, and five (5) years on count three of the Indictment, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

DEFENDANT:  KENNETH BOYD FIFE
CASE NUMBER:  04-cr-00013-WYD                                              Judgment-Page 6 of 8

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until he is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer.   The defendant shall pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

DEFENDANT:  KENNETH BOYD FIFE
CASE NUMBER:  04-cr-00013-WYD                                                                 Judgment-Page 7 of 8

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $0.00 |
| Two | $100.00 | $0.00 | $0.00 |
| Three | $100.00 | $0.00 | $0.00 |
| Four | $100.00 | $0.00 | $0.00 |
| Five | $100.00 | $0.00 | $0.00 |
| One | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $600.00 | $0.00 | $0.00 |

DEFENDANT:  KENNETH BOYD FIFE
CASE NUMBER:  04-cr-00013-WYD                                              Judgment-Page 8 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment is due and payable immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT:  KENNETH BOYD FIFE
CASE NUMBER:  04-cr-00013-WYD                                               Judgment-Page 9 of 8

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications but with these changes:**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level:  19

Criminal History Category:  III

Imprisonment Range:  37 to 46 months

Supervised Release Term:  5 years

Fine Range:  $6,000  to  $1,000,000

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution   None

**DEPARTURE**

The sentence departs <u>below the advisory guideline range</u> for the following reasons:

**Pursuant to a Plea Agreement**

Based on motion of the government, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on the defendant's substantial assistance.

The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983)("The statement of reasons. . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.")  No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.